THIRD DEPARTMENT, DECEMBER, 1948.

(December 29, 1948.)

In the Matter of HINZMANN & WALDMANN, INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

MEMORANDUM BY THE COURT. This is an appeal by an employer from a decision of the Unemployment Insurance Appeal Board which affirmed the decision of an unemployment insurance referee sustaining the initial determination of the Industrial Commissioner to the effect that appellant is not qualified to receive an unemployment insurance tax credit for the year 1946. The only question present is whether appellant is a " qualified employer " as defined by subdivision 1 of section 577 of the Unemployment Insurance Law (Labor Law, art. 18). For some time prior to April, 1946, Albert O. Hinzmann and Anton Waldmann, as copartners, were engaged in business as joiners and woodworkers. In addition to that venture the partners commencing November, 1944, and continuing until April, 1946, engaged in the business of repairing ships. In April, 1946, the partners determined to incorporate their business

and formed two corporations for that purpose. The appellant is one of the two corporations and the partnership transferred to it that portion of the partnership assets carried on the partnership books as the woodworking assets. The portion of the business relating to the ship repairing was transferred to a corporation known as the Hinzmann & Waldmann Marine Corporation. On March 31, 1946, the day that the partnership business was closed, the total assets were $523,117.89. Of these assets the partnership transferred to the appellant a portion thereof carried on the partnership books as of the value of $129,938.98. The partnership transferred to the other corporation assets carried at a book value of $393,178.91. On April 16, 1946, appellant filed with the Division of Placement and Unemployment Insurance a report to determine liability indicating that it became subject to the provisions of the Unemployment Insurance Law on April 1, 1946. This report stated that appellant had acquired all or substantially all of the partnership assets of the firm of Hinzmann & Waldmann. On April 15, 1946, Hinzmann & Waldmann Marine Corporation filed a report to determine liability indicating that it also became an employer subject to the provisions of the Unemployment Insurance Law. In this report Hinzmann & Waldmann Marine Corporation claimed that it had acquired all or substantially all of the assets of the former partnership venture. The pertinent provisions of subdivision 1 of section 577 read as follows: " If an employer has acquired all or substantially all the assets of another employer and such other employer has discontinued operations upon such acquisition, the period of liability of both employers during such period shall be jointly considered for all purposes of this section. " The issue in this case is limited to the question whether or not appellant has qualified for the contribution rate credit by meeting the requirements contained in the quoted paragraph. This second sentence requires the commissioner to consider, for the purpose of determining contribution rate credits, the period of liability, not alone of the employer who has transferred all, or substantially all, of its assets and has discontinued operations upon such acquisition, but as well the period of liability of the successor employer to whom the assets were transferred. The only witness before the referee and the board on behalf of appellant was a certified public accountant. None of the appellant's officers testified on its behalf. On the basis of this testimony the referee and the board found that appellant was not a qualified employer within the meaning of the statute. Apparently the test of eligibility, as contained in the statute, is the transfer of " all or substantially all the assets ". The referee and the board held that the transfer of assets valued at $129,938.98 does not constitute a transfer of " all or substantially all " of the assets valued at $523,117.89. The proof sustains the decision of the appeal board and that decision should be affirmed, with costs.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs.

HILL, P. J. (concurring). Prior to the formation of and transfer to the corporation, the total assets of the copartnership were $523,117.89; the total liabilities $475,565.22, leaving a net of $47,552.67. The woodworking corporation received net assets of about $35,000; the marine corporation $12,000. There is a contention by the appellant that the marine branch business was bankrupt, however there was proof from which the referee could find the figures earlier stated.

I concur in the result reached because $35,000 is not substantially all of $47,000.

Heffernan, Brewster, Foster and Russell, JJ., concur in Memorandum by the Court; Hill, P. J., concurs in a separate memorandum.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs.

[See 275 App. Div. 730.]